_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:19-cv-00792-JLS-JDE                      Date: June 25, 2019
Title: United States of America v. Laxman Patel et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:
    Not Present                                              Not Present

**PROCEEDINGS:**    **(IN CHAMBERS) (1) ORDER TO SHOW CAUSE RE: STAY; (2) VACATING HEARING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Doc. 15); AND (3) VACATING SCHEDULING CONFERENCE**

     Before the Court is a Motion for Summary Judgment filed by Defendants Anita Patel, Hiten Patel, Jashu Patel, and Laxman Patel. (Mot., Doc. 15). The issue before the Court is whether, pursuant to 31 U.S.C. § 5321(a)(5)(A)–(B), Plaintiff the United States of America can assess only one penalty per year for Defendants' failure to file an accurate Report of Foreign Bank and Financial Account ("FBAR") form, on which foreign bank accounts must be disclosed yearly, or whether Plaintiff can assess penalties for each foreign bank account that Defendants failed to disclose. (*See id.* at 2.)

     The parties agree that the Honorable Judge Fitzgerald recently decided this precise issue—whether penalties may be assessed per account or per FBAR form—in *United States v. Boyd*, Case No. CV 18-803-MWF (JEMx), 2019 WL 1976472 (C.D. Cal. Apr. 23, 2019). (*See* Mem. at 1 n.1; Opp. at 22, Doc. 16.) *Boyd* agreed with Plaintiff and held that penalties may be assessed for each undisclosed foreign bank account. *See Boyd*, 2019 WL 1976472, at *5. *Boyd* is currently on appeal to the Ninth Circuit. *See United States v. Boyd*, No.19-55585 (9th Cir.) (appeal docketed on May 23, 2019).

     "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Accordingly, "[a] trial court may . . . enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). The decision whether to

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:19-cv-00792-JLS-JDE                                 Date:  June 25, 2019
Title:  United States of America v. Laxman Patel et al

grant a stay is committed to the "sound discretion" of the district court and is based on weighing "the competing interests which will be affected by the granting or refusal to grant a stay . . . ." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).  The Court considers: (1) "the possible damage which may result from the granting of a stay"; (2) "the hardship or inequity which a party may suffer in being required to go forward"; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* Given that *Boyd* decided the exact issue now before the Court, the Court concludes that a stay of this action pending the outcome of the appeal in *Boyd* may be appropriate.

      Accordingly, the Court ORDERS the parties to show cause, in writing, no later than **ten (10) days** from the date of this Order, why this action should not be stayed pending the Ninth Circuit's disposition of the appeal in *Boyd*.  The parties' responses may be no longer than **five (5) pages** in length.  Further, the Court VACATES the hearing on Defendants' Motion and the Scheduling Conference, both of which are currently set for June 28, 2019, at 10:30 a.m.

      Initials of Preparer:  tg